## Supreme Court—Trial Term—Part One.

### June, 1899.

## PEOPLE v. ROLAND B. MOLINEUX.

1. CRIMINAL LAW—GRAND JURY—EXAMINATION.

There is no law that requires the examination of a party charged with crime before a magistrate before submitting the case to a grand jury.

2. SAME—SECRECY.

Some things in the grand jury room must be kept secret, to wit, the finding of an indictment where the party indicted is not in custody, but if he shall be in custody then it may be disclosed. Also, how any grand juror votes upon the finding of an indictment.

3. SAME—SUBMISSION.

Previous to the statute the case might be presented to the grand jury as often as the district attorney chose. The statute put a limitation upon it. It may be sumitted to a grand jury, and if they refuse to find an indictment, or if an indictment is afterwards for any legal reason dismissed, it may be sent to another grand jury, as often as the court may direct.

4. SAME—RESUBMISSION.

Any court having authority may direct its resubmission to the grand jury.

5. SAME—DUTY.

The duty of a grand jury is this: To inquire, first, whether a crime has been committed; and, second, if it has been, whether there is reasonable cause to believe that the person charged with it has committed it.

6. SAME.

It is the legal duty resting upon the grand jury to find an indictment wherever the evidence before it is sufficient to justify the conclusion that a crime has been committed, and that the party accused committed it; not necessarily that he is guilty, but that there is enough evidence which, if uncontradicted and unexplained before a trial jury, would result in his conviction.

## Resubmission of case to grand jury.

FURSMAN, J.—I have not the time to take these papers and write an opinion, nor do I think that one is necessary. It is to be very much regretted that any conflict has arisen between the district attorney's office, represented by the assistants who were before the May grand jury, and the foreman of the grand jury or any members of that body. It is unnecessary, in my judgment, to pass upon the merits of that controversy or, to criticise the grand jury, or the district attorney, or the learned judge, who was quite right in his charge to the grand jury, whatever its effect may have been upon this particular (Molineux) case. There is no law that requires the examination of a party charged with crime before a magistrate before submitting the case to a grand jury. It may be, and often is submitted to the grand jury in the first instance, even where the party accused is within the immediate vicinity of the court, and even where the accused is under arrest. The finding of an indictment, of course, supersedes the jurisdiction of a committing magistrate who may have the examination before him.

It is quite a mistake to suppose that everything that occurs in a grand jury room is secret. It cannot, in the very nature of things, be secret. The oath of the grand jury is that the counsel of the people, their own and their fellows, they shall keep secret. Some things must be kept secret, to wit, the finding of an indictment where the party indicted is not in custody, but if he shall be in custody then it may be disclosed. Also, how any grand juror votes upon the finding of an indictment. That is not to be disclosed. When a grand jury is discussing the question whether they will or will not find an indictment, and when they are voting upon the finding of an indictment, no person can be present, not even the district attorney. That is

to be kept secret. But whatever occurs during the examination of a witness, whether between the district attorney and the foreman of the grand jury or any grand juror and a witness, whether it be the district attorney or an examining juror, cannot, in the nature of things, be kept secret, because each one of those witnesses may go out of the grand jury room and disclose to the whole world everything that took place there in his presence, and there is no inhibition in any law whatever to prevent it, nor is it an offense for him to disclose it. So that the true meaning of the oath and the law is that these particular things, of which I have given two examples, are to be kept secret. The balance of it there is no law to require secrecy concerning, and it would be impossible that secrecy could be maintained concerning such things.

Now, it is true that it is an orderly and proper process to have an examination before a committing magistrate, but it is by no means essential, and in many instances, as I have already said, a case is presented to a grand jury and an indictment found without such examination.

Judge Williams set aside the first indictment—I read the opinion at the time as it was published in the Law Journal—upon the ground that illegal evidence had been submitted to the grand jury which must, or might have entered into their consideration when they came to the question of finding an indictment, and because of the consideration of such illegal evidence he felt bound, as the law was and required of him, to dismiss that indictment, and he directed a resubmission before another grand jury. What the effect of that was, whether it was what the district attorney claims, is of no material consequence here. Previous to the statute the case might be presented to the grand jury as often as the district attorney chose. The statute put a limitation upon it. It may be submitted to a grand jury, and if they refuse to find an indictment, or if an indictment is afterwards for any legal reason dismissed, it may be sent to another grand jury, and the law is that it may be sent to the grand jury, as often as the court may direct.

Now, this brings me to a consideration of the question first raised by the counsel for the defense as to whether this court

has jurisdiction, the argument being that the case is in the court of sessions. The answer immediately arises in the legal mind "What case?" There is no indictment in the court of sessions. There is no case whatever in the court of sessions against Molineux. The Molineux case is not there. It is not here, ex-cept for the purposes of this motion. It is not anywhere unless before an examining magistrate. So far as we can discern legally, judicially, there is no such case otherwise in existence. Certainly, there is no indictment, because the only indictment found was dismissed. Therefore, it comes down to the question —what does the statute mean when it says that the case may be resubmitted to the grand jury as often as the court shall direct? What court does it mean, the court of general sessions only, or does it mean any court having authority to require a resub-mission to a grand jury? The supreme court exercises (the criminal part of it), the same power that the old court of oyer and terminer did, of which the supreme court has taken the place. It seems to me absurd to say that the case is in the court of general sessions. There is no case that can by any possibility be there. Therefore, any court having authority may direct its resubmission to the grand jury.

Now, it has been well said by the counsel for the defendant that it is a matter of discretion. I am convinced, not because there is any controversy between the district attorney and the foreman of the grand jury, not because I consider the question at all as to whether the foreman of the grand jury misconducted himself—not in the least; that has no weight whatever with me in making this determination, although the course of a grand juror, be he foreman or whoever he may be in obtaining in-formation on the outside—written information, prepared for the purpose of cross examining witnesses—and having it in his pos-session and examining witnesses with reference to it, certainly is not to be commended. The duty of a grand jury is this: To inquire, first, whether a crime has been committed; and, second, if it has been, whether there is reasonable cause to believe that the person charged with it has committed it. This proceeding is essentially *ex parte* but it may, if there is reason to belive that some person not subpœnaed by the district at-

torney has knowledge which may modify the testimony of the witnesses against the accused who have been brought before it, or may fix the crime upon some other person, send for such witnesses, or subpœna and produce them before it. That is its duty, and its duty is to find an indictment in a proper case. That is the legal duty resting upon the grand jury—to find an indictment wherever the evidence before it is sufficient to justify the conclusion that the crime has been committed, and that the party accused committed it; not necessarily that he is guilty, but that there is enough evidence which, if uncontradicted, and unexplained before a trial jury, would result in his conviction. That is the duty of a grand jury, and beyond that it has no power, nor any duty to perform.

This Molineux case, of course, is one that has excited a good deal of public interest. The presumption of law is that he is innocent. The presumption of fact must be that he is innocent. And these presumptions, I indulge to the fullest extent. But I think that public justice would be better subserved, and you will pardon me, I think, if I say that the interests of the accused, if he is innocent, will be subserved if this case is submitted to another grand jury. If that grand jury fails to indict the district attorney will not—at least he ought not, and I am satisfied no judge will permit him to—present the case to another grand jury. If he is indicted and tried, if he is guilty, he should be convicted, if he is innocent, I have that faith in the administration of public justice at the hands of the courts and juries in the city and county of New York to believe that he will be acquitted. You may take an order requiring it to be submitted to the grand jury in this county, and the presentation shall begin on or before the seventh day of July.